**UNITED STATES of America, Plaintiff–Appellee**

v.

**Trenton Don WILSON, Defendant–Appellant.**

**No. 11–10715**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 9, 2012.

Delonia Anita Watson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Dallas, TX, Bonita L. Gunden, Assistant Federal Public Defender, Federal Public Defender's Office, Amarillo, TX, for Defendant–Appellant.

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Trenton Don Wilson appeals the sentence imposed on revocation of his supervised release after he admitted using and possessing controlled

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

352

substances in violation of the conditions of his release. The district court imposed the 24-month prison term "to meet the objectives of punishment and deterrence." Wilson contends that the court erred in light of *United States v. Miller*, 634 F.3d 841, 844 (5th Cir.), *cert. denied,* —— U.S. ——, 132 S.Ct. 496, 181 L.Ed.2d 345 (2011). We review for plain error because Wilson failed to preserve the purported *Miller* error in the district court. *See United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir.1994).

In *Miller*, we held that it is improper for a district court to rely on the 18 U.S.C. § 3553(a)(2)(A) factors, which include punishment, for the modification or revocation of a term of supervised release because Congress deliberately omitted that subsection from the first clause of 18 U.S.C. § 3583(e). 634 F.3d at 844. Unlike the revocation under § 3583(e) at issue in *Miller*, the revocation of Wilson's term of supervised release was mandated by 18 U.S.C. § 3583(g). Because § 3583(g) does not expressly invoke the § 3553(a) factors or the limits imposed by the first clause of § 3583(e), we find no clear or obvious error under *Miller*. *See United States v. Giddings*, 37 F.3d 1091, 1095–97 (5th Cir. 1994); *see also United States v. Ibanez*, No. 11–10504, 454 Fed.Appx. 328, 329–30, 2011 WL 6337771, at *1 (5th Cir. Dec. 19, 2011) (unpublished).

The judgment of the district court is AFFIRMED.